UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FRANCIS ETIENNE, ET AL.**                       **CIVIL ACTION**

**VERSUS**                                        **NO. 03-2595**

**ELEVATED BOATS, INC., ET AL.**                  **SECTION B (3)**

ORDER AND REASONS

Before the Court is Third-Party Defendant Magnolia Industrial Fabricators, Inc. (Magnolia) Motion for Summary Judgment(Rec. Doc. No. 197). This Motion was set for hearing without oral argument on June 8, 2005. The Court has reviewed the pleadings, the attachments, and the applicable law. It is now fully advised and ready to rule. Accordingly, and for the reasons that follow,

**IT IS ORDERED** that Magnolia's Motion for Summary Judgment be **GRANTED.**

*BACKGROUND*

On April 16, 2003, Plaintiffs, Marvin Etienne, Alfred Savoy, Jr., and Robert Grant allegedly sustained injuries from falling aboard the M/V A.C. BROWN (BROWN) as its captain attempted to position the vessel alongside the Main Pass 69 Platform, owned and operated by Ocean Energy, Inc., (f/k/a Devon Louisiana Corp.)

1

(hereinafter OEI). All Plaintiffs were sandblasters employed by Magnolia. At the time of the allision, Magnolia was providing sandblasting services to OEI's fixed offshore platform pursuant to Master Service Agreement (MSA) dated May 2, 2002.

The BROWN was a liftboat owned and operated by Elevating Boats, L.L.C. (Elevating Boats), pursuant to a time charter party between itself and OEI.[1] At the time of the alleged injuries, plaintiffs were traveling as passengers aboard the BROWN to the platform so that they could complete the sandblasting operation and remove their equipment (e.g., scaffolding inside the tank, etc.). The BROWN's captain allided with the cable tray of the platform on which the Magnolia crew were conducting sandblasting operations; plaintiffs claim that this allision caused them to fall on the BROWN, resulting in allegedly serious injuries. Plaintiffs sued, *inter alia*, Magnolia, Elevating Boats, and Stokes Spiehler, Inc. and Zurich American Insurance Company (hereinafter referred to collectively as Stokes).

In April of 1995, Stokes entered into an MSA with Flores & Rucks, Inc., the predecessor in interest to OEI. Stokes, a contractor of OEI, claims that the OEI-Magnolia MSA requires

---

[1] Note that the original Blanket Charter Agreement provided for a time charter party between Elevating Boats and Flores & Rucks. Flores & Rucks later became OEI, who then became Devon Louisiana Corporation (Devon).

Magnolia to defend, indemnify, and hold harmless OEI and its contractors, including Stokes, from and against any and all claims brought by Magnolia's employees.  Stokes made a demand upon Magnolia to defend and indemnify it pursuant to the terms of the MSA between OEI and Magnolia.  (Rec. Doc. No. 75).  Magnolia now seeks Summary Judgment and dismissal of Stokes' claims against Magnolia. (Rec. Doc. No. 197).

## DISCUSSION

### A. Summary Judgment Standard

Rule 56(b) of the Federal Rules of Civil Procedure provides that a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for summary judgment in the party's favor.  FED. R. CIV. P. 56(b).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where the nonmoving party will bear the burden of proof at trial on the dispositive issue, in order to survive summary judgment, that party must go beyond the pleadings and designate specific facts as to make a showing sufficient to establish the existence of an essential element to the party's case.  *Celotex*, 477 U.S. at 322.

When the moving party has carried its burden under Rule

3

56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must come forward with specific facts showing there is a genuine issue for trial. *Id.* at 587. The mere existence of a scintilla of evidence on the nonmoving party's position is insufficient to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The nonmoving party must present evidence upon which a reasonable jury could reasonably find for the non-movant. *Id.* The issues presented in this Motion are issues of law and thus proper for Summary Judgment.

**B. The Nature of the MSA Is Nonmaritime**

The threshold issue in Magnolia's Motion for Summary Judgment is whether the general maritime law or the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq.*, (2000), applied to the dispute regarding the OEI-Magnolia MSA. The Court has already ruled on this issue in an Order and Reasons dated November 19, 2004. (Rec. Doc. No. 158).

"Under the 'law of the case' doctrine, a decision made at one stage of a case becomes a binding precedent to be followed in successive stage of the same litigation.... This doctrine applies regardless of whether the issue was decided expressly or by necessary implication." *F.D.I.C. v. McFarland*, 243 F.3d 876, 884 (5th Cir. 2001). The law of the case doctrine reflects the

4

courts' practice "generally to refuse to reopen what has been decided."  *Browning v. Navarro*, 887 F.2d 553, 556 (5th Cir. 1989).  This Court has already ruled that OCSLA applies to the MSA in dispute.  *See* Rec. Doc. No. 158.  Because this Court has determined that OCSLA applies, the Court looks to Louisiana law, specifically the Louisiana Oilfield Indemnity Act (LOIA), LA. REV. STAT. ANN. § 9:2780 (West 2005), to determine the validity of the indemnity provision.

The LOIA nullifies any provision in an agreement that requires indemnification where there is any negligence or fault (strict liability) on part of the indemnitee.  *Meloy v. Conoco, Inc.*, 504 So. 2d 833, 838 (La. 1987).  A cause of action for indemnification for the costs of defense does not arise until there is a judicial finding regarding the indemnitee's liability and defense costs are paid.  *Id.* at 839.  When settlement forecloses the possibility of a trial, the LOIA nullifies the indemnity agreement.  *Tanksley v. Gulf Oil Corp.*, 848 F.2d 515, 517-18 (5th Cir. 1988).

Stokes, arguing the MSA is maritime in nature, has failed to address the Court's prior ruling.  Because no reason has been argued why the Court should overturn its prior ruling, the Court declines to do so.  For the reasons stated in the Order and Reasons issued November 19, 2004 (Rec. Doc. No. 158 ), this Court holds that the that OCSLA applies to this dispute, and hence the LOIA determines the validity of any indemnity provision. Because

5

Stokes has settled with the Plaintiffs, there can be no final judicial determination that Stokes is free from fault, and hence Stokes cannot claim indemnity under the OEI-Magnolia MSA.

**C. Prematurity Is an Invalid Argument**

Stokes argues that it is premature to hold that it cannot establish that it is free from fault.  Stokes admits that it has settled with the Plaintiffs.  However, in this case, settlement does not foreclose a judicial finding or the possibility of trial because Stokes remains as a party and may be vindicated or have fault apportioned to it regardless of its settlement with Plaintiffs.  Consequently, Stokes contends it is premature for this Court to conclude that Stokes is precluded from being indemnified by the LOIA.

The LOIA nullifies any contract or contract provision that provides for defense or indemnitee when the indemnitee is in some way at fault. *Meloy*, 504 So. 2d at 838.  This has been interpreted to require a judicial finding that the indemnitee is liable or that the charges against it were baseless.  *Id.* at 839.  Only after *a trial on the merits* results in a judicial finding that the indemnitee is not liable will an indemnitee contract/contract provision survive the nullification provisions of the LOIA.  *Id.*  In a case where settlement foreclosed the possibility of a trial, the Fifth Circuit held that the LOIA nullified the indemnity agreement. *Tanksley v. Gulf Oil Corp.*,

6

848 F.2d 515, 517-18 (5th Cir. 1988).[2]  The *Tanksley* court recognized that a party might "opt[] to forego a trial at which it would either have been found liable or exonerated. The appeal of certainty of settlement overrode the contending appeal of the uncertainty of trial." *Id.* at 518.  That is exactly what Stokes has done here, presumably "heed[ing] the advice of *Tanksley* and t[aking] into account the impact settlement would have on the indemnity agreement."  *Gaspard v. Offshore Crane & Equip., Inc.*, No. 94-261, 1998 WL 388597, at *3 (July 8, 1998).  While other parties to the dispute have not yet settled and fault may still be apportioned to Stokes through a judicial proceeding, Stokes must surely have realized the impact settlement would have on its ability to claim indemnity and factored any such impact into its settlement offer.  There will be no trial between the Plaintiffs and Stokes, and therefore no final judicial determination of fault as required for the indemnity provision in question to survive the nullification provisions of the LOIA. Accordingly,

---

[2] Stokes argues that this Court should follow two Louisiana appellate court decisions that question the wisdom of *Tanksley*, holding that an indemnitee may establish its freedom from negligence or fault in an action separate from the initial proceeding for which indemnification is sought. *Ridings v. Danos & Curole Marine Contractors*, 723 So.2d 979, 983 n.2 (La. App. 4th Cir. 1998); *Phillips Petroleum Co. v. Liberty Serv.*, 657 So. 2d 405, 409 (La. App. 3rd Cit. 1995).  The Court notes that the Louisiana Supreme Court has expressly refused to adopt or reject the *Tanksley* conclusion.  *Fontenot v. Chevron, U.S.A., Inc.*, 676 So. 2d 557, 563 n.7 (La. 1996).  Absent a contrary ruling by the state supreme court, this Court is bound by the Fifth Circuit's decision in *Tanksley*.

**IT IS ORDERED** that Magnolia's Motion for Summary Judgment be **GRANTED.**

New Orleans, Louisiana this 22nd day of December, 2005

UNITED STATES DISTRICT JUDGE