```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

FRANCIS ETIENNE, ET AL.                           CIVIL ACTION

VERSUS                                            NO. 03-2595

ELEVATED BOATS, INC., ET AL.                      SECTION B (1)
```

ORDER AND REASONS

Before the Court is Counter-Claimant Devon Louisiana Corp.'s (Devon) Motion for Summary Judgment(Rec. Doc. No. 217).  This Motion was set for hearing without oral argument on June 10, 2005. The Court has reviewed the pleadings, the attachments, and the applicable law.  It is now fully advised and ready to rule. Accordingly, and for the reasons that follow,

**IT IS ORDERED** that Devon's Motion for Summary Judgment IS **GRANTED.**

*BACKGROUND*

On April 16, 2003, Devon's predecessor, Ocean Energy, Inc. (OEI), owned the C South Platform in Main Pass 69 (platform). Elevating Boats, Inc. (EBI) was at all material times the owner of the M/V A.C. BROWN ELEVATOR (liftboat).

On April 16, 2003, the liftboat allided with the platform. Plaintiffs Robert Lee Grant, Alfred Savoy, Jr., Francis Etienne, and Marvin Etienne, all employees of Magnolia Industrial Fabricators (Magnolia), were passengers aboard the liftboat at the time of the allision.  OEI contracted with Magnolia to

1

perform routine blasting work and maintenance on a water-processing tank located on the platform.  Following the April 16, 2003, incident, Plaintiffs filed suit against OEI and EBI alleging causes of action under the general maritime law, Section 905(b) of the Longshore and Harbor Workers' Compensation Act, and for unseaworthiness.

At the time of the allision, EBI and OEI were operating under a Liftboat Contract and Blanket Charter Agreement (Agreement).  This Agreement was entered into between Flores & Rucks, Inc., a predecessor of OEI and Devon, as charterer, and EBI, as owner of the liftboat.  The indemnity provisions of the Agreement, which are subject of EBI's Third Party Demand, reciprocally provide hat OEI and EBI will indemnify each other for claims for "bodily injury to the persons of, or loss or damage to the property of [OEI/EB] or any of its employees, even though such death, injury, loss or damage be caused by fault of [the other]." Agreement ¶19(a)-(b).  With respect to third parties, however, the contract requires OEI and EBI to indemnify each other only to the extent of each company's fault.  The Agreement also requires EBI obtain insurance to support these indemnities and name Devon as an additional insured.

### DISCUSSION

Rule 56(b) of the Federal Rules of Civil Procedure provides

that a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for summary judgment in the party's favor.  FED. R. CIV. P. 56(b).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where the nonmoving party will bear the burden of proof at trial on the dispositive issue, in order to survive summary judgment, that party must go beyond the pleadings and designate specific facts as to make a showing sufficient to establish the existence of an essential element to the party's case.  *Celotex*, 477 U.S. at 322.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts.  *Matushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party must come forward with specific facts showing there is a genuine issue for trial.  *Id.* at 587.  The mere existence of a scintilla of evidence on the nonmoving party's position is insufficient to defeat a properly supported motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The nonmoving party must present evidence upon which a reasonable jury could reasonably find for the nonmovant.

3

*Id.*  The issues presented in this Motion are issues of law and thus proper for Summary Judgment.

"A maritime contract containing an indemnity agreement, whether governed by federal maritime or Louisiana law, should be read as a whole and its words given their plain meaning unless the provision is ambiguous."  *Foremann v. Exxon, Corp.*, 770 F.2d 490, 496 (5th Cir. 1983) (citations omitted).  The contract should be interpreted to give meaning to all of its terms, provided the term is not superfluous.  *Foster Wheeler Energy Corp. v. An Ning Jiang MV*, 383 F.3d 349, 354 (5th Cir. 2004).

At issue in this case is the interpretation of the Agreement between Devon and EBI.  Under the Agreement, "CHARTERER [Devon] and OWNER [EBI] shall procure and maintain in effect . . . insurance coverage to support the indemnities provided for herein, provided, however, that OWNER'S coverage shall be of the types and with limits not less than those set forth in Exhibit 'A' . . . ."  The terms of Exhibit A require EBI maintain comprehensive general liability insurance with a combined single limit of $5,000,000 per occurrence.  Exhibit A further provides:

> In each of the above described policies, OWNER, with respect to OWNER'S operations agrees to waive and agrees to have its insurers waive any rights of subrogation they may have against CHARTERER, is parent or affiliated companies, their officers, directors, employees, or agents of any of them.  It is further agreed that each such policy, other than Worker's Compensation policies, shall name CHARTERER its parent and affiliated companies as an Additional Insured with respect to OWNER'S obligations hereunder.

4

In its Motion for Summary Judgment, Devon argues that in light of the insurance and indemnity requirements of the Blanket Charter Agreement, Fifth Circuit jurisprudence requires EBI exhaust its insurance coverage before pursuing its claim for indemnity.  This Court agrees.[1]

Beginning with *Ogea v. Loffland Brothers, Co.*, the Fifth Circuit has held that when indemnity obligations in a contract are supported by an insurance agreement that requires a party to name the other as an additional or coinsured in its policy, the party must first look to its own insurance coverage. *Ogea v. Loffland Bros. Co.*, 622 F.2d 186, 188 (5th Cir. 1980).  In *Ogea*, the Fifth Circuit considered the interpretation of a drilling contract between the owner of a drilling platform (owner) and the company who operated the platform (operator).  As in the instant case, the contract included mutual indemnity provisions.  Under the contract at issue in *Ogea*, the operator would indemnify the owner "from any and all claims . . . asserted by [operator's] personnel, agents, or invitees, or by the personnel or agents of

---

[1] Devon also argues that the indemnity provisions do not extend to the Magnolia employees whose claims give rise to this case.  Having concluded that *even if* the indemnity provisions contemplated statutory or borrowed employees, the Court finds EBI would not be entitled to any indemnity until it had exhausted the $5 million insurance policy it was required to keep under the terms of the Agreement.  Because EBI has not contested Devon's statement that EBI has not yet exhausted the insurance it was required to keep, the Court declines to address the issue of whether the Agreement contemplated statutory or borrowed employees at this time.

[operator's] personnel," and the owner would indemnify the operator "from all claims . . . asserted by [owner's] personnel, agents, or invitees, or by the personnel or agents of [owner's] subcontractors." *Ogea*, 622 F.2d at 188.  The contract also included a clause requiring the operator to obtain comprehensive liability insurance to cover losses up to $500,000, naming owner as a coinsured.  *Id.*  The *Ogea* court concluded that the indemnity and insurance provisions of the contract "must be read in conjunction with each other in order to properly interpret the meaning of the contract" and that the indemnity provision would come into effect only if the damages exceeded the policy limits.  *Id.* at 190.  Subsequent Fifth Circuit cases have followed the *Ogea* court's conclusion.  *See Tullier v. Haliburton Geophysical Servs.*, 81 F.3d 552(5th Cir. 1996); *Klepac v. Champlin Petroleum Co.*, 842 F.2d 746 (5th Cir. 1988).

The *Ogea* line of cases require the indemnity and insurance provisions of a contract be read harmoniously.  *Tullier*, 81 F.3d at 554.  Following this Court's review of the indemnity and insurance provisions of the Devon-EBI contract, this Court is compelled to follow the Fifth Circuit's holdings in *Ogea* and its progeny.

EBI attempts to distinguish this case from *Tullier* and *Klepac*.  These attempts are not persuasive.  EBI argues that in *Tullier*, the contract specified that the insurance policy would be primary.  *Tullier*, 81 F.3d at 553.  However, this was not

6

dispositive in the *Tullier* case.  In fact, as later noted by the Fifth Circuit, the *Ogea* line of cases involved "contracts contain[ing] 'additional insured' requirements *or* dictated the primacy of insurance coverage over indemnification obligations, *or* both." *Marquette Transp. Co. v. La. Mach. Co.*, 367 F.3d 398, 407 (5th Cir. 2004) (emphasis added).  The Blanket Charter Agreement requires EBI obtain insurance naming Devon as an additional insured.  The additional insured provision was a dispositive in *Ogea* and its progeny, and likewise is the dispositive issue here.

   EBI also attempts to distinguish the provisions in its Blanket Charter Agreement from the contract at issue in *Klepac*. EBI notes that contract in *Klepac*, required the indemnitee to provide insurance for "risks, losses, and liabilities assumed hereunder by [Western] or in respect of which [Western] has agreed to indemnify Champlin [the indemnitee]."  842 F.3d at 747. EBI argues this is distinguishable from the Blanket Charter Agreements requirements that the parties obtain insurance to "support the indemnities provided for herein."  In doing so, EBI ignores Exhibit A of the agreement, which requires EBI's policy name Devon as an additional insured.  EBI also ignores *Klepac*'s ultimate conclusion

> that the . . . contract did require Western
> to procure and maintain comprehensive
> general liability insurance naming Champlin
> as co-insured. Western's arguments
> notwithstanding, *Ogea* then compels the
> further conclusion that any indemnification
> duty running from Champlin to Western
> "do[es] not come into play" for amounts
> within the insurance coverage Western was
> required to procure and maintain.

842 F.3d at 748.  As in *Klepac*, the agreement at issue here required EBI to maintain comprehensive general liability insurance naming Devon as an additional insured, and thus *Ogea* "compels the further conclusion" that any indemnification duty running from Devon[2] to EBI "do[es] not come into play" for amounts within the insurance coverage EBI was required to procure and maintain.  Accordingly,

**IT IS ORDERED** that Devon's Motion for Summary Judgment (Rec. Doc. No. 217) is **GRANTED**, and the Third-Party Demand against Devon is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 27th day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Assuming any such duty exists.  The parties argue, and the Court declines to address at this time, whether the Plaintiffs in this case are covered by the indemnity provisions.  Because Devon has no obligation to indemnify EBI unless and until the policy limit has been exhausted, and EBI does not contest the limit has *not* been exhausted, the Court declines to address other issues raised by the parties at this time.